UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Liban G.,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,<br><br>    Respondents. | No. 26-CV-0301 (SRN/ECW)<br><br>**ORDER** |

Abdulwahid Osman, Abdulwahid Law Firm PLLC, 2929 Chicago Ave., Ste. 110, Minneapolis, MN 55407, and Robin Chandler Carr, Law Office of Robin Carr, 2929 Chicago Ave., Ste. 110, Minneapolis, MN 55407, for Petitioner

Ana Voss, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction [Doc. No. 7]. For the reasons set forth below, the TRO is granted as to his return to the District of Minnesota.

I. **BACKGROUND**

Petitioner is a citizen of Somalia who entered the United States as a refugee on September 5, 2023. (Pet. [Doc. No. 1] ¶ 14 & Pet'r's Ex. 1.) His application for lawful permanent citizen status is pending with United States Citizenship and Immigration

1

Services ("USCIS").  (Pet'r's Ex. 2.)  On January 14, 2026, ICE agents arrested Petitioner in the parking lot of his place of employment in Shakopee, Minnesota.  (Pet. ¶ 2.)  He was arrested as part of Operation PARRIS [Post-Admission Refugee Reverification and Integrity Strengthening] in Minnesota, "a sweeping initiative reexamining thousands of refugee cases through new background checks and intensive verification of refugee claims."  (Pet'r's Ex. 3.)

That same day, Petitioner filed a Petition for a Writ of Habeas Corpus [Doc. No. 1], seeking immediate release, or in the alternative, the opportunity for a bond hearing under 8 U.S.C. § 1226(a) before an Immigration Judge.  (Pet. at 6–7.)  In addition, he requested an order enjoining Respondents from transferring him outside the District of Minnesota. (*Id.* at 6.)

The following day, on January 15, 2026, this Court issued an Order to Show Cause directing Respondents to respond to the Petition and temporarily enjoining them from transferring Petitioner out of the District of Minnesota or deporting him until the Court rules on the pending Petition.  (Order to Show Cause [Doc. No. 5] at 1–2.)

On January 16, 2026, Petitioner informed his family that he was transferred outside the District of Minnesota and is now detained in ICE custody at the Department of Homeland Security ("DHS")'s El Paso Camp East Montana detention facility.  (Pet'r's TRO Mot. at 2.)  He requests that Respondents return him to Minnesota and immediately release him upon his return.

## II. DISCUSSION

The purpose of injunctive relief is to maintain the status quo. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022). To determine whether injunctive relief is proper, a district court considers four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "While 'no single factor is determinative,' the probability of success factor is the most significant." *Wilbur-Ellis Co., LLC v. Erikson*, 103 F.4th 1352, 1356 (8th Cir. 2024) (citing *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting Dataphase, 640 F.2d at 113)). The court must balance all the factors in deciding whether the injunction should be granted. *Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023). The burden rests with the movant to establish that injunctive relief should be granted. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

**A. Likelihood of Success on the Merits**

Petitioner is likely to succeed on the merits, as there appears to be no lawful basis for his detention in the first instance.

Following screening and vetting procedures, refugees may be lawfully admitted to the United States under 8 U.S.C. § 1157. USCIS, *Refugees*, https://www.uscis.gov/humanitarian/refugees-and-asylum/refugees (last visited January 15, 2026). Admission as a refugee is a distinct lawful immigration status. After residing

in the United States for one year, refugees are required to apply for adjustment of status to lawful permanent residence.  8 U.S.C. § 1159(a).

The Board of Immigration Appeals has held that refugees may not be placed in removal proceedings unless their refugee status has been terminated or their adjustment application denied.  *Matter of Garcia-Alzugaray*, 19 I & N Dec. 407, 410 (BIA 1986).  For example, a refugee may be subject to removal for committing serious crimes, *see, e.g.*, *Xiong v. Gonzales*, 484 F.3d 530, 534 (8th Cir. 2007) (affirming placement of refugee in removal proceedings following conviction of an aggravated felony), or if the noncitizen is found to have not been a refugee as defined in the INA.  8 U.S.C. § 1157(c)(4).  DHS's own guidance confirms that an unadjusted refugee's failure to adjust status alone is not a basis for detention or removal proceedings, and that detention must comply with 8 U.S.C. § 1226 and be supported by an independent violation of the INA.  (Pet'r's Ex. 4.)

There is no showing here that Petitioner's refugee status has been terminated or his adjustment application denied.  Accordingly, he is likely to succeed in establishing that there is no lawful basis for his detention.  The first *Dataphase* factor weighs in his favor.

**B. Irreparable Harm**

The second *Dataphase* factor requires the Court to consider the threat of irreparable harm absent injunctive relief. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).  Petitioner presents compelling facts in support of a finding of irreparable harm. Not only is he deprived of his personal liberty, but he is also separated from his legal

counsel, family, and employment. His family lacks the financial means to travel to Texas and they will incur additional barriers and costs if they must find co-counsel in Texas. (Pet'r's TRO Mot. at 5.) This *Dataphase* factor weighs in his favor.

### C. Balance of Hardships and Public Interest

While the balance of harms and the public interest are typically separate factors, they merge when the Government is a party. *Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011, 1018 (8th Cir. 2023) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)); *Eggers v. Evnen*, 48 F.4th 561, 564–65 (8th Cir. 2022).

Petitioner has a very strong interest in his freedom from physical confinement, while Respondents face no hardship in returning him to Minnesota. Respondents moved Petitioner to Texas despite this Court's express prohibition against moving him out of the District of Minnesota. Even assuming that his transfer was an inadvertent error, it is Respondents' responsibility to correct it. Returning Petitioner to Minnesota will restore the status quo and allow the Court to consider the underlying Petition and Respondents' response. These factors weigh in Petitioner's favor.

Based on the current record, the Court concludes that all of the *Dataphase* factors favor granting the TRO.[1]

---

[1] The Court determines that a bond under Federal Rule of Civil Procedure 65(c) is not necessary because the TRO seeks to prevent constitutional deprivations and because Respondents face no identifiable risk of monetary loss. A bond is also not necessary because this matter is closely associated with important public interests. *See, e.g., Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Liban G.'s Emergency Motion for a TRO [Doc. No. 7] is **GRANTED** as follows:

    a. Respondents shall return Petitioner to the District of Minnesota **within 48 hours** of the date and time of this Order.

    b. Upon his return, Respondents shall **either release him from custody or detain him in the District of Minnesota** while his Habeas Petition is pending. If he is detained, no other person or agency shall remove, transfer, or otherwise facilitate his removal from the District of Minnesota on Respondents' behalf.

    c. Respondents shall notify the Court of Petitioner's return to Minnesota and whether he is released or detained, within 24 hours of his return.

    d. Respondents' response to the Petition, due no later than January 19, 2026, as previously ordered, shall address Petitioner's refugee status and the basis for his detention.

    e. This Order is effective immediately and shall expire 14 days after the date of entry unless Petitioner shows good cause for its extension.

Dated: January 16, 2026
5:26 p.m. CST

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge